IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON JOHNSON,<br>　#38321-177,<br>　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | §<br>§<br>§<br>§<br>§   CIVIL CASE NO. 3:23-CV-29-M-BK<br>§   (CRIMINAL NO. 3:19-CR-285-M-1)<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Brandon Johnson's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

**I.    BACKGROUND**

Johnson was charged with (1) one count of conspiring to transport stolen money, securities, and goods; (2) four substantive counts of transporting stolen money, securities, and goods; and (3) one count of obstructing justice. Crim. Doc. 1. He pled guilty to a single count of transporting stolen money, securities, and goods, pursuant to a plea agreement under Federal Rule of Criminal Procedure Rule 11(c)(1)(C). Crim. Doc. 236; Crim. Doc. 242. The agreement contained a 96-month binding sentence recommendation. Crim. Doc. 236 at 3. The court accepted the plea agreement and, on January 11, 2022, imposed a 96-month sentence, as agreed, and a three-year term of supervised release. Crim. Doc. 242; Crim. Doc. 257 at 2. The court also ordered restitution in the amount of $745,901.36. [1] Crim. Doc. 257 at 5.

Although Johnson did not appeal, he later filed this timely § 2255 motion alleging ineffective assistance of counsel. Doc. 1; Doc. 2 (Br. in support). Johnson asserts counsel was

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Johnson*, 3:19-CR-285-M-1. And all "Doc." citations refer to this § 2255 case.

ineffective during the plea bargain and sentencing proceedings and after sentencing in failing to advise him adequately about whether to appeal.  Doc. 1 at 7.  The Government opposes § 2255 relief.  Doc. 11.  To date, Johnson has not filed a reply.

After review of all pleadings and the applicable law, the court concludes that Johnson's claims of ineffective assistance of counsel have no merit.  His § 2255 motion is therefore denied.

## II. LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.

To prove the deficient-performance prong under *Strickland*, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*. at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms.  *Id*. at 688.  That said, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.*

Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  To demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The movant bears the

burden of proving that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### III.  ANALYSIS

#### A.  Ineffective Assistance During Plea Negotiations (Ground Three)

With the assistance of counsel, Johnson negotiated a plea bargain under which he pled guilty to a single count of the six-count indictment. Crim. Doc. 236. This benefited him as it significantly limited his overall statutory sentencing exposure. In the plea agreement, Johnson and the Government also agreed, under Rule 11(c)(1)(C), that a sentence of 96 months' imprisonment was appropriate. The court accepted the agreement, which bound the court to sentence Johnson to the agreed-upon sentence. Crim. Doc. 244. The presentence report (PSR) later calculated an advisory guideline range of 77-96 months. Crim. Doc. 246-1, PSR ¶ 45. The court accepted the PSR and sentenced Johnson to the agreed-upon-96-month sentence, which fell on the upper end of the calculated range. Crim. Doc. 257.

Johnson now contends that his counsel was ineffective in overestimating his sentencing exposure during plea negotiations—*before* the Government offered *and* Johnson accepted the Rule 11(c)(1)(C) plea agreement. Doc. 1 at 7. Johnson alleges that his counsel led him "to believe [that] he was in a dire situation facing at a minimum 110-137 months, all the way to 151-188 month[s,] almost guaranteeing [that] he received [sic] the statutory maximum of 120 months." Doc. 1 at 7. So when the government offered the 96-month plea deal under Rule 11(c)(1)(C), Johnson allegedly "thought [it] was as good as it could get," considering the "doomsday scenario" that his counsel had painted. Doc. 2 at 3-4. Johnson adds that, before agreeing to the 96-month plea deal, he had "sought a plea agreement for 87 months" and that he

had done so "only because counsel advised that he was almost certainly looking at a much higher sentence closer to or exceeding the statutory max of 120 months." Doc. 2 at 4.

Upon review, the court finds that the pre-plea, ineffectiveness claim is waived as Johnson does not contest the voluntariness of his plea. But even if he is, the claim has no merit.

### i. Pre-plea Claim is Waived

"[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived." *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). And this waiver "includes claims of ineffective assistance of counsel." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). But an exception applies when "[counsel's] ineffectiveness is alleged to have rendered the guilty plea involuntary." *Id.*

Johnson does not allege that his counsel's initial advice regarding his sentencing exposure rendered his plea involuntary. Conspicuously absent from his pleadings is any assertion that counsel's estimates essentially led him to enter an unknowing and involuntary guilty plea. *See United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019) (finding ineffective-assistance claim waived where the defendant "never asserted that the alleged [ineffective assistance] somehow rendered [the] guilty plea involuntary"). And Johnson's re-arraignment transcript plainly demonstrates that his plea was both knowing and voluntary. Crim. Doc. 261. "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Johnson also had ample time—more than five months between rearraignment and his sentencing hearing—to advise the court that he was dissatisfied with defense counsel's conduct

and supposed misleading statements about his sentencing estimates, but he did not do so. Similarly at sentencing, he voiced no objection about the voluntariness of his guilty plea or his counsel's advice and alleged ineffective assistance. Crim. Doc. 262 at 7-13. This is ample indication that Johnson's claim is thus driven by "buyer's remorse" rather than any defect in the guilty plea procedure.

Based on this, the court finds that Johnson's pre-plea claim of ineffective assistance of counsel is waived.

### ii. Pre-plea Claim Has no Merit

Even if not waived, Johnson's ineffective-assistance claim fails on the prejudice prong. Johnson presents no meaningful argument that, but for counsel's alleged deficiencies about his potential sentencing exposure, he would have forgone the plea agreement and proceeded to trial on all six counts. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To be sure, Johnson complains only that counsel's sentencing estimates were "well above the [96-month] sentence he bargained for." Doc. 2 at 3. and because of the elevated estimates, he "was lead [sic] to believe he was in a dire situation." Doc. 1 at 7. But Johnson does not suggest any desire in proceeding to trial rather than pleading guilty. Thus, as in *Hill*, he alleges no prejudice. *See Hill*, 474 U.S. at 60; *United States v. Risovi*, 826 F. App'x 369, 374 (5th Cir. 2020) (per curiam) (finding prejudice was not pled because the defendant did not "express any desire to have gone to trial rather than plead guilty").

Tellingly, Johnson's pleadings offer no contemporaneous evidence to show that but for counsel's supposed errors, he would have insisted on going to trial. *See Lee v. United States*, 582 U.S. 357, 369 (2017) (cautioning courts not to upset a guilty plea just because of a movant's

"post hoc assertions" that he would not have pleaded guilty but for counsel's deficient performance, but look instead "to contemporaneous evidence to substantiate a defendant's expressed preferences" at the time he pled guilty).

Instead, Johnson references two pre-plea letters from counsel—a December 31, 2020, and a June 9, 2021, letter—that confirm his sole interest was securing a government's plea offer.  In the December letter, counsel stated that Johnson had "asked [him] on several occasions whether the government is willing to extend a plea offer."  Doc. 2 at 9.  Although counsel knew this was "extremely frustrating" for Johnson, he noted that he was "still working on it" and the delay was in part due to the holidays, COVID, and staffing changes at the U.S. Attorney's Office.  *Id.*  The December letter also recapped the criminal charges, offered general information on federal sentencing practices, and provided an "*estimate and not a guarantee* of what sentence [Johnson] may ultimately receive."  Doc. 2 at 5-9.

Likewise, in the June letter, counsel affirmed that "the government has not yet offered" any plea bargain but that he was including "a proposed draft of the 11(c)(1)(C) agreement" that he had prepared at Johnson's request with a sentencing range of 87-96 months.  Doc. 2 at 17.

On this record, Johnson has not pled, much less shown, *Hill* prejudice.  Therefore, his pre-plea claim of ineffective-assistance cannot succeed.

### B.  Failure to Object to Obstruction-of-Justice Enhancement (Ground One)

Next, Johnson asserts counsel rendered ineffective assistance in failing to object to the obstruction-of-justice enhancement under U.S.S.G. § 3C1.1, comment. (n.4(D)).  Doc. 2 at 2-3.  As explained in the PSR, however, the obstruction-of-justice enhancement was proper under Application Note 4(I), <u>not</u> Application Note 4(D).  Crim. Doc. 246, PSR ¶ 67.  The obstructive

conduct in question—Johnson's ingestion of the SIM cards—was done with the intent to obstruct, impede and influence an FBI investigation, in violation of 18 U.S.C. § 1519 as charged in Count 6 of the indictment. Crim. Doc. 1 at 11. Unsurprisingly, Johnson neither mentions nor challenges this other basis for the enhancement.

In sum, because an obstruction-of-justice enhancement was properly applied under Application Note 4(I), Johnson's counsel cannot be considered ineffective for failing to make a meritless objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance). Consequently, this claim likewise fails.

### C. Failure to File a Direct Appeal (Ground Two)

Lastly, Johnson raises two grounds of ineffective assistance of counsel on appeal. He alleges his counsel failed to file a direct appeal to challenge the obstruction-of-justice enhancement. Doc. 2 at 3. He also asserts that "counsel convinced [him] that if he did file direct appeal he would be subject to various enhancements being applied that were not included in PSI or objected to by government at sentencing, i.e. leadership role, sophisticated means, etc." Doc. 2 at 3; Doc. 1 at 7.

Yet Johnson asserts neither that he requested counsel to pursue an appeal nor that counsel ignored his request. *See Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) (a lawyer renders ineffective assistance when he disregards specific instructions from a defendant to file a notice of appeal). Johnson also concedes that counsel consulted with him after sentencing regarding the advantages and disadvantages of an appeal and encloses a letter from counsel summarizing their meeting and Johnson's decision not to appeal. Doc. 2 at 16; *see Flores-Ortega*, 528 U.S. at 478 (detailing counsel's duty to consult with the defendant about an appeal).

Further, if Johnson seeks to challenge his counsel's advice about appealing, he again fails to allege that he was prejudiced—i.e., that he would have pursued an appeal. And because his obstruction-of-justice-enhancement argument lacks merit, as explained above, counsel would not have been deficient for failing to raise it on appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990))).

Thus, these ineffective-assistance claims also lack merit.

## IV.   CONCLUSION

Accordingly, Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 7th day of June, 2024.

*[signature]*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE